The Honorable Bud Canada State Senator 106 Meyer Building Hot Springs, AR 71901
Dear Senator Canada:
This is in response to your request for an opinion on the following question:
 When there is a vacancy in the office of Mayor in the city management form of government in Hot Springs, Arkansas, is the vacancy filled by Board appointment or must there be a special election?
It is my opinion that the vacancy should be filled by majority vote of the Board of Directors, in accordance with A.C.A.14-47-113, which states:
 Whenever a vacancy shall occur, by any reason, in the office of a director, the board of directors shall, by majority vote, elect a person to fill the vacancy and serve for the unexpired term thereof.
This conclusion is compelled by provisions governing selection of the mayor and by the legislative history of 14-47-113.
Arkansas Code of 1987 Annotated 14-47-116 clearly indicates that the mayor is a member of the board of directors. This provision states in pertinent part that the board shall elect ". . . one of their number as a chairman to preside over the meetings of the board, the person so elected to have the title of `mayor.'" A.C.A. 14-47-116(a)(1). Legislative intent with respect to the mayor's position on the board is also expressed under A.C.A.14-42-202(b)(1)(D)(i) which mandates a board member's resignation from his existing position to run for mayor "[i]n the event a vacancy occurs in the mayor at large position on a city board of managers. . . . (Emphasis added). See also, A.C.A.14-42-202(b)(2)(B).
It may therefore reasonably be concluded that A.C.A. 14-47-113, which addresses vacancies "in the office of a director," encompasses the mayor.
It should be pointed out that some ambiguity is generated through the reference under several Code provisions to an "election" to fill vacancies. A.C.A. 14-47-109, 14-47-110, and 14-47-117. These provisions state in pertinent part as follows:
 Except in the instances where directors are elected at special elections as provided in 14-47-106 and 14-47-113, the members of the board shall be voted on at the preferential primary held on the Tuesday two (2) weeks prior to the general primary election.
A.C.A. 14-47-109(c)(1).
A special election to fill any vacancy under 14-47-113 shall be called through a resolution of the board of directors.
A.C.A. 14-47-110(a)(1)(B)(i).
If a vacancy in the office of mayor occurs, the assistant mayor shall perform the duties of mayor until a successor mayor is elected.
A.C.A. 14-47-117(b)(2)(A).
The legislative history of these provisions, however, serves to dispel any ambiguity in this regard. The language in question is, in each instance, derived from Act 99 of 1921, as amended by Act 8 of 1957. See, Sections 4, 5 and 6 of Act 8 of 1957. A review of the 1921 act clearly reveals that these provisions have reference to the method of filling vacancies under Section 13 of Act 99 of 1921 which, at the time of the 1957 amendments, stated:
 In the case of death, resignation, or vacancy in the office of a director, the board shall, by majority vote, appoint a person to fill such vacancy if the vacancy occurs less than six months before the next city election, when the remainder of the unexpired term of the office of such director shall be filled, but otherwise a special election shall be called to fill said vacancy. [Emphasis added.]
Section 13 of Act 99 of 1921 was amended by Act 188 of 1967, which is codified at A.C.A. 14-47-113. See language, supra. A majority vote of the board to fill vacancies was therefore implemented after the references in Act 8 of 1957 to an election or special election to fill vacancies. Sections 14-47-109, 14-47-110 and14-47-117 must now be read to refer to the election by the board of directors, in accordance with A.C.A. 14-47-113.
Final note should be made of A.C.A. 14-42-202(b)(1)(D)(i) which states:
 In the event a vacancy occurs in the mayor at large position on a city board of managers, and an existing member of the board of managers desires to run for the mayor position, that member shall resign from his existing position to run for the mayor position.
While this provision does suggest that an election will be held to fill the vacancy, it is my opinion that this language must also be read in conjunction with A.C.A. 14-47-113 as referring to the board of directors' election to fill such vacancy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.